PROB 12C
(2/93)

# United States District Court
### for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Probation

Name of Offender: Iris B. Bingham                Case Number: A03-0088-04-CR (RRB)

Sentencing Judicial Officer:          Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:            October 10, 2003

Original Offense:                     Conspiracy

Original Sentence:                    5 years Probation

Date Supervision Commenced:           October 10, 2003

Asst. U.S. Attorney: Crandon Randell              Defense Attorney: Randall Cavanaugh

---

## PETITIONING THE COURT

[X]    To issue a warrant
[ ]    To issue a summons

The probation officer believes that the offender has violated the following condition(s) of probation:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Standard Condition of Supervision "The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons, " in that since the defendant appeared before the Court on January 12, 2006, the defendant has failed to provide proof of employment and has failed to maintain steady employment. This is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision "The defendant shall notify the probation officer at least ten days prior to any change in residence or employment," in that on or about March 3, 2006, the defendant moved into a new residence located at 1431 Carolyn Circle, Apt. B, without prior notification to her probation officer. This is a Grade C violation. |
| 3 | The defendant has violated the Standard Condition of Supervision "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that on or about March 1, 2006, during an unannounced home visit a Mr. Tommy Anthony Crawford Jr., a felon was present in the defendant's residence sitting on her couch and talking on her telephone. This is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician," in that on or about March 1, 2006, during a scheduled office visit the defendant signed an admission form to excessive use of alcohol and tested .190 at 1:30 p.m. This is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "The defendant shall participate in the home confinement program for a period of 6 months, electronic monitoring with work passes only," in that on or about March 3, 2006, the defendant unplugged her electronic monitoring unit from her reported residence and moved it to a new residence without prior permission and notification to her probation officer. This is a Grade C violation. |

*Petition for Warrant or Summons* Case 3:03-cr-00088-RRB    Document 426    Filed 05/12/2006    Page 2 of 4
*Name of Offender    :    Iris B. Bingham*
*Case Number    :    A03-0088-04-CR (RRB)*

U.S. Probation Officer Recommendation:

The term of probation should be:

[X]    Revoked
[  ]    Extended for _____ years(s), for a total term of _____ years.

[  ]    The conditions of probation should be modified as follow:

Respectfully submitted,

*Beth A. Mader*
Beth A. Mader
U.S. Probation/Pretrial Services Officer
Date: May 9, 2006

Approved by:

*Eric D. Odegard*
Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[X]    *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[  ]    The issuance of a summons. The petition for probation revocation is referred to the Magistrate Judge for initial appearance only.

[  ]    Other:

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

5/11/06

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

Case 3:03-cr-00088-RRB    Document 426    Filed 05/12/2006    Page 3 of 4

# United States District Court
for the
## DISTRICT OF ALASKA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Case Number: A03-0088-04-CR (RRB) |
| vs. | ) | DECLARATION IN SUPPORT OF PETITION |
| Iris B. Bingham | ) | |

I, Beth Mader, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Probation for Iris B. Bingham, and in that capacity declare as follows:

On October 10, 2003, the defendant was sentenced to five years probation and it commenced that day. Additionally the defendant met with probation officer Mader and all conditions were reviewed.

On June 21, 2004, a Petition was filed with the Court alleging 6 violations of conditions of probation, to include use of cocaine and excessive use of alcohol.

On August 23, 2004, the defendant admitted to all 6 violations of conditions of probation. The defendant agreed to go into residential treatment. On September 1, 2004, the defendant started her residential treatment program at Reflections for 28 days.

On November 10, 2004, the defendant appeared in court for a scheduled revocation hearing and at that time, the government moved to dismiss the petition, which had been held in abeyance. The Court at this time granted the motion but advised the defendant that any further cocaine use would result in a maximum sentence.

On April 18, 2005, the defendant completed substance abuse treatment at the Salvation Army Clitheroe Center.

On May 5, 2005, a Report on Offender under Supervision was submitted to the court reporting offender association with known felon. At that time, no court action was requested.

On August 16, 2005, the offender appeared in state court on her charges of Theft in the 2nd, a felony. An offer was made at this time by her public defender offering her Theft in the 3rd, a class A misdemeanor. A future court date was set for October 13, 2005.

On October 4, 2005, the U.S. Probation Officer was informed by the District Attorney that the defendant had been offered a plea bargain, wherein she would plead to Theft in the 3rd degree in exchange for dismissal of the felony. The District Attorney stated that the evidence supported a conviction of at least Theft in the 3rd degree.

On December 6, 2005, the offender appeared before U.S. District Court Judge Beistline for her initial appearance on a petition to revoke probation.

On January 5, 2006, the offender failed to appear in court for a final revocation hearing before Judge Beistline. All parties were notified while in court, that the offender called the U.S. Probation Office receptionist at 9:00 am to state she is currently at Alaska Regional Hospital due to her son having a fractured arm. At this time, Judge Beistline continued court until Thursday, January 12, 2006.

On January 12, 2006, the offender appeared before U.S. District Court Judge Beistline for her Probation Revocation hearing. At this time, the Court ordered six months of home confinement with electronic monitoring.

On January 23, 2006, United Stated Probation Officer's (USPO) Mader and Lyons went to the defendant's reported residence for the purpose of setting her upon on electronic monitoring. USPO Lyons reviewed all conditions and requirements of the electronic monitoring system along with the required payment schedule at this time.

During an unannounced home visit on March 1, 2006, USPO Mader and Astle made contact with the defendant and a felon named Thomas Lee Crawford, who was sitting on the couch and talking on the telephone. Also during this home visit it was noted to be an open 40-ounce bottle of alcohol on the counter next to the kitchen at which time the defendant was questioned about it and denied it to be hers. On this same day the defendant report to the U.S. Probation office as directed and signed an admission form to the excessive use of alcohol where she provided a portable breath test (PBT) which registered at a .190 at 1:30 pm and registered at a .182 at 2:10 pm.

On March 3, 2006, USPO Lyons notified USPO Mader that the defendant's unit was unplugged from her reported residence and plugged into a new residence. The defendant reported to the office that same day as instructed and was confronted on this violation. The defendant stated she had to move quickly because she only had a short time to take a job as a Personal Care Attendant which required her to move into the residence of the person she was going to take care of. The offender has not provided any proof of this employment as of yet.

Executed this 9th, day of May 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

*Beth Mader*

Beth Mader
U.S. Probation Officer